[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9852
Plaintiffs, Park City Yellow Cab Co. (Park City), Reliable Taxicab Co. (Reliable Taxi) and Quickie Cab Company (Quickie Cab), appeal the decision of the defendant Department of Transportation (Department) authorizing the defendant George Koteas dba Action Taxicab Co. (Koteas or applicant) to operate six motor vehicles in taxicab service in "the city of Bridgeport and to and from this area to all points in Connecticut." The Department acted pursuant to General Statutes 13b-97. The appeal is brought pursuant to General Statutes 4-183. The court finds in favor of the defendants.
The following facts are undisputed and/or reflected in the record. On or about March 6, 1991, pursuant to13b-97(a), Koteas submitted an application to the Department seeking authorization to operate nine additional motor vehicles in taxicab service within Bridgeport and to and from Bridgeport to all points in Connecticut. Koteas was already authorized to operate three taxicabs.
Pursuant to 13b-97(a), a public hearing was held on June 19, 1991. The Department designated the three plaintiffs as parties in the proceedings on the application in accordance with 16-1-17 of its regulations. All parties appeared and presented argument and evidence at the hearing. In addition, many witnesses testified pro and con concerning the public need for additional taxi service and the applicant's suitability and competence. The witnesses included the mayor and former mayor of the city, the director of transportation, a police officer, a former police officer, and several members of the taxi riding public. The applicant furnished evidence of his experience in the taxicab business and of his financial situation.
In its final decision, dated August 6, 1991, the Department partially approved Koteas's application, permitting the operation by him of three additional taxicabs.
CT Page 9853 Based on the plaintiffs' position as licensees of the Department, operating taxicabs in the same geographical area as the applicant, the court finds that they are aggrieved pursuant to General Statutes 4-183 and, in particular, the court's holding in Light Rigging Co. v. DPUC, 219 Conn. 168 (1991).
The plaintiffs argue, in their brief, that the Department lacked sufficient credible, competent evidence on which it could legally base its finding of public need and applicant suitability.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC, 219 Conn. 51, 57
(1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991). In particular, "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence prevented by any witness . . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991).
The court has carefully reviewed the entire record in this case, including the transcript of the hearing before the Department and documents introduced in evidence at the hearing. The court has also studied the briefs submitted by the parties to the appeal and has considered their arguments advanced at the hearing on this appeal. On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the Board's findings and conclusions. The plaintiffs have not claimed, in their brief or at oral argument, any other CT Page 9854 basis for this appeal.
The appeal is dismissed.
MALONEY, J.